Morris ALGARIN, Plaintiff–Appellant,

v.

The NEW YORK CITY DEPARTMENT OF CORRECTION, Manuja Mather, Faouzia Barouche, Captain Lopez, Elmhurst Hospital, Eugene Burke, Mihai Iordache, Holliswood Hospital, Vladimir Milstein, and the New York City Health & Hospitals Corporation, Defendants–Appellees.

No. 07–0527–cv.

United States Court of Appeals, Second Circuit.

Feb. 25, 2008.

Morris Algarin, pro se, Babylon, NY, for Appellant.

Ann E. Scherzer (Michael A. Cardozo, Corporation Counsel of the City of New York, of counsel), New York City Law Department, New York, NY, for New York City Department of Correction, New York City Health and Hospitals Corpora-

tion, Elmhurst Hospital, Manuja Mather, Faouzia Barouche, Eugene Burke, and Mihai Iordache.

Richard E. Lerner, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY, for Holliswood Hospital.

Bruce M. Brady, Callan, Koster, Brady & Brennan, LLP, New York, NY, for Vladimir Milstein.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Morris Algarin appeals from a judgment entered by the United States District Court for the Southern District of New York (Rakoff, *J.*) on November 1, 2006, granting summary judgment in favor of defendants, and dismissing Algarin's complaint brought under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the district court's grant of summary judgment *de novo*, "and we are required to view the evidence in the light most favorable to the party opposing summary judgment." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir.1995) (citations omitted). "When a motion for summary judgment is properly made and supported, an opposing party ... must ... set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

Algarin's only discernible argument on appeal is that Defendants–Appellees' depositions included false testimony. His allegations are supported only by references to what he alleges is a transcript of an audiotape of a meeting with Dr. Barouche.

As the transcript was not offered as evidence below, we may not consider it on appeal. *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 505 (2d Cir.1989). The remainder of Algarin's allegations are unsupported, or otherwise unavailing: a party cannot defeat summary judgment merely by providing "conclusory statements, conjecture, or speculation." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996). Even taking them as true, the falsifications he alleges do not relate to issues of fact that are material.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**